## MARK MOORE *vs.* RICHARD LYMAN.

The fact that an appeal was taken can be proved by the record only; and not by the statements of the appellee in a complaint filed by him for affirmation of the judgment.

A motion of the plaintiff to dismiss an appeal from a judgment of a justice of the peace on the ground that his record does not show that an appeal was taken, need not be made at the first term.

On the dismissal, on the plaintiff's motion, of an appeal of the defendant, the plaintiff is entitled to costs.

ACTION OF CONTRACT, commenced before a justice of the peace in Franklin, who on the 10th of April 1858 gave judgment for the plaintiff.

At November term 1858 of the court of common pleas, the

plaintiff made a complaint for affirmation of that judgment, in which, after stating the judgment, he averred that "from said judgment the said Lyman appealed to this honorable court, and recognized to prosecute the same, but failed so to do." Notice of this complaint was given to the defendant, and he appeared and opposed the complaint, and also presented a petition for leave to enter his appeal. The court dismissed the plaintiff's complaint for affirmation of judgment, and granted the defendant's petition.

The defendant thereupon filed a paper which contained only a copy of the writ, a statement of a continuance, and of judgment for the plaintiff, and a taxation of the costs of each party, and was certified by the justice to be "a copy of the writ, plaintiff's and defendant's costs, and judgment." And the case was continued to March term 1859, and thence, under the *St.* of 1859, *c.* 196, to August term of the superior court, when the defendant filed an answer to the merits.

The plaintiff, after opening the case, moved to dismiss the action. The defendant resisted the motion, and claimed a trial of the action upon the merits; and offered evidence that, when judgment was rendered against him by the justice, he claimed an appeal to the next court of common pleas, and was ready and offered to recognize, according to law, to prosecute his appeal with effect; and that he demanded of the justice a copy of his record, and of all the papers filed, and the justice furnished him with the record now on file, declaring it to be a full copy. And the defendant contended that he had produced as full and perfect papers, as it was in his power to produce. But *Rockwell*, J. rejected the evidence, and ordered the action to be dismissed, and also overruled a motion of the defendant to be allowed his costs. The defendant alleged exceptions.

*D. W. Alvord*, for the defendant. 1. The action was wrongly dismissed. (1.) The court appealed to, and not the court appealed from, is to judge whether the party had a right of appeal or not; and if the court appealed from refuses or omits to allow the appeal, when the party claiming it has a right to appeal, the court appealed to will hear evidence of the facts and entertain

the appeal. *Commonwealth* v. *Dunham*, 22 Pick. 11 *Frazer* v. *Smith*, 6 Blackf. 210. *Lacy* v. *Fairman*, 7 Blackf. 558. *Louderback* v. *Boyd*, 1 Ashm. 380. (2.) The plaintiff having, in his petition for affirmation of the justice's judgment, recited the fact that the defendant appealed, was thereby estopped to deny the appeal. *Montague* v. *Smith*, 13 Mass. 396. *Huntington* v. *American Bank*, 6 Pick. 340. (3.) The grounds for dismissing the action being apparent upon the face of the proceedings, the motion to dismiss, being made at the third term after the appeal was entered, came too late. *Simonds* v. *Parker*, 1 Met. 508. *Elder* v. *Dwight Manuf. Co.* 4 Gray, 201.

2. The defendant was the prevailing party, and entitled to costs. Rev. Sts. *c.* 121, § 1. *Davis* v. *Hastings*, 8 Cush. 313.

*A. Brainard*, for the plaintiff, being directed by the court to confine himself to the question of costs, cited *Bowler* v. *Palmer*, 2 Gray, 553.

BY THE COURT. The fact that an appeal was taken cannot be proved except by the record. *Sayles* v. *Briggs*, 4 Met. 421 Nor can the want of a record be supplied by the statements of the plaintiff in a petition filed by him. ҫ *Exceptions overruled, with costs in the courts below and in this court.*